William Jennings Bryan, Jr., and Ruth Bryan Owen, as Administrator and Co-Administratrix C. T. A. of the Estate of William Jennings Bryan, deceased, intervenors in the case of Ernest Amos, as Comptroller of the State of Florida, vs. Bank of Coconut Grove, Florida, *Appellants*, vs. E. P. Duncan, as Liquidator of the Bank of Coconut Grove, Florida, *Appellee*.

143 So. 353.

Division B.

Opinion filed August 3, 1932.

358

*Walsh, Beckham & Ellis* and *Wm. B. Farley,* for Appellants;.

*Burdine, Terry & Fleming,* for Appellee.

DAVIS, J.—By an opinion of this Court (Bryan v. Coconut Grove Bank & Trust ·Co., 101 Fla. 965, 132 Sou. Rep. 481, which was explained and modified by an opinion denying a petition for rehearing (Bryan v. Coconut Grove Bank & Trust Co., 101 Fla. 965, 134 So. Rep. 229), it was held here that complainant in the court below was entitled to a preference over general creditors of the defunct Coconut Grove Bank & Trust Company and the former decree was reversed and the cause remanded with directions to render judgment accordingly.

The former opinions became the law of the case on its remand to the Court below. See Tampa Water Works Co. vs. Wood, decided at the last term, and cases cited. The Chancellor followed the mandate of this Court literally, in that he entered judgment for the complainant giving her the ordered preference over general creditors.

But subsequent to the issuance of the mandate here, new facts and conditions had arisen which the Chancellor undertook to deal with in the decree now brought before us on this second appeal in the instant case. Our mandate when issued had no reference to' the unlikely changes which appear to have taken place in the circumstances and conditions surrounding the *res,* so it was proper for the Chancellor in disposing of the case at final hearing after reversal and remand, to enter such final decree as would be not only in compliance with the mandate, but which would, at the same time, do equity by taking into account any changed circumstances and conditions regarding the *res* in litigation.

The question now presented is entirely different from that heretofore decided.

Briefly stated, it is as follows: Where there is a claimant to a fund, the disposition of which fund may be absolutely controlled by a bank liquidator, and the bank liquidator refuses to permit it to be paid to an adverse claimant of such fund, who asserts a superior right to it, and by reason thereof the fund is brought into litigation and is provided to be deposited under stipulation in an agreed depository to await the outcome of such litigation, which the liquidator himself elects to contest and to prolong, and thereafter the fund is largely lost or dissipated through mismanagement and insolvency of the mutual depository, does the loss fall upon the claimant who ultimately prevails in the litigation with the liquidator, or does it fall upon the insolvent bank's estate which the liquidator was engaged in administering, and for the enlargement and benefit of which he was seeking to defeat the claimant's adverse claim to the litigated fund?

Our conclusion is that the parties who ultimately prevailed in the litigation against the liquidator with reference to the final disposition of the fund in controversy have the superior equity under circumstances such as we have set forth above.

The fact that the fund was deposited by agreement by both parties in a particular bank under mutual stipulation, is to be considered as merely an incident to the preservation of the disputed fund for the insolvent bank's benefit, in the event the liquidator should defeat the claimant's attempt to get it by way of a preference.

Such deposit would have been wholly unnecessary had the liquidator conceded appellant's rights and made no contest of the claim of appellants to the fund.

The custody, handling and control of the fund pending the outcome of the contest was merely an incident to the

contest. The contest was for the benefit of the insolvent bank's estate, and losses occasioned as an incident of such a contest, should not fall on the prevailing parties who appear to have been at all times diligent in their efforts to secure the fund to which they were ultimately found entitled and which was lost through unforeseen circumstances. See DePeyster v. Clarkson, 2 Wend. (N. Y.) 78.

Liquidators of insolvent banks represent the state, the creditors and the debtors of insolvent banking institutions committed to their care.

The liquidator in this case, thinking appellant's claim unjust, with commendable zeal for the interest of the common depositors of the insolvent Coconut Bank & Trust Company, took appropriate legal means to contest the claim to a preference, asserted by the representatives of the William Jennings Bryan Estate, to a fund which would unquestionably have been realized as a part of the insolvent bank's assets had the contest been successful.

But the contest was not successful. This court has held that the Bryan Estate was entitled to a preference over the common creditors with reference to the fund of $14,-420.00 here involved.

That decree of this Court should be made effective by charging the bankrupt estate with the loss of the fund while it was on deposit under an escrow agreement with the Bank of Bay Biscayne, and ordering it paid out of any other funds on hand in the liquidator's possession, available for the payment of preferred claims properly adjudicated or allowed as such.

The right of subrogation which will inure to the liquidator's benefit will enable the liquidator to collect whatever dividends may be paid from the agreed depository bank to compensate the other creditors for the loss occasioned with reference to the instant fund.

The decree appealed from is reversed and the cause re-

manded with directions to enter such decree as will not be
inconsistent with this opinion. Interest on preferred claims
is not allowable under the law of this State so such interest
should be excluded from any amount decreed.

Reversed with directions.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS AND BROWN, J.J., dissent.