M. A. Smith, as Liquidator of Merchants Bank & Trust Company, v. James A. Urquhart.

176 So. 787.
Division A.
Opinion Filed October 28, 1937.

*Horrell & Horrell,* for Appellant;

*Paul W. Harvey,* for Appellee.

Buford, J.—The appeal brings for review decree, as follows:

"1. That this Court has jurisdiction of the subject matter and the parties to this suit.

"2. That the rulings of the Court are noted in the Special Examiner's report in the handwriting of the Court, and the respective parties are allowed an exception to the rulings so made wherein they are adverse to said party.

"3. That the charge of the Special Examiner in the sum of $25.00 for his services rendered is approved.

"4. That the Merchants Bank and Trust Company as Trustee, on July 2nd, 1929, entered into a declaration of trust in favor of plaintiff wherein said bank as trustee acknowledged the receipt of $65,000.00; that on July 11th, 1929, said bank was open for business, that on the following day it did not open for business, and is now in liquidation under the direction and control of the State Banking Department of the State of Florida, and on August 19th, 1929, J. W. Perkins was duly appointed liquidator of said bank and its affairs; that said J. W. Perkins as liquidator of said bank as trustee, entered into an agreement with plaintiff, referred to in examiner's report as 'Exhibit 1,' wherein said plaintiff agreed to accept certain time warrants of the face amount of $50,000.00 and $15,000.00 with interest to date of payment; that said proposed settlement was embodied in a petition by said J. W. Perkins as Liquidator of said bank as trustee, approved April 24th, 1930, by Ernest Amos, then Comptroller of the State of Florida, and the Judge of the 7th Judicial Circuit having disqualified himself said settlement was approved by a court of competent jurisdiction; that said J. W. Perkins resigned as such Liquidator and on February 28th, 1933, M. A. Smith was duly appointed, qualified and confirmed by order of Court as Liquidator of said bank, and being now the Liquidator of the same is estopped to question the terms or validity of said agreement filed and recorded by his predecessor in office, and this Court finds that plaintiff is a preferred creditor of

said bank by virtue of said trust agreement and the agreement of settlement aforesaid, and has a preferred claim against said bank and said Liquidator for $15,000.00 with accrued interest at 6% per annum from July 2nd, 1929.

"5. That there has been paid preferred creditors of the same class as plaintiff's claim 75% of the principal sums of their respective claims; that plaintiff having a preferred claim against said bank and said Liquidator for $15,000.00, with accrued interest at 6% per annum from July 2nd, 1929, that M. A. Smith as Liquidator of Merchants Bank & Trust Company, a corporation, do, out of the assets of said bank forthwith pay to the plaintiff and his solicitor of record the sum of $11,250.00, with accrued interest at 6% per annum from July 2nd, 1929, together with the costs and charges of this suit paid by plaintiff herein taxed at $15.20, and also $25.00 for the Special Examiner's charges."

The decree sets out the salient facts and shows them to be such that the appellant, Liquidator of a state banking institution, is attempting to maintain a position other than the one which his predecessor in office maintained prior to the institution of this suit and pursuant to which a settlement between the parties was agreed upon and approved by a court of competent jurisdiction and in part executed.

It is well settled that "a party is estopped to make the defense or objection inconsistent with the position previously asserted by him which position was successfully maintained." Warren v. Warren, 73 Fla. 764, 75 Sou. 35; 21 C. J. 1226 and cases cited.

It is also well settled that "Where an estoppel is operative as between the original parties to the transaction it is also effective as to their privies in contract." Marion Mortgage Co. v. Grennan, 106 Fla. 913, 143 Sou. 761.

It is also settled that "The term privity denotes mutual

or successive relationship to the same rights or property." Coral Realty Co., *et al.,* v. Peacock Holding Co., *et al.,* 103 Fla. 916, 138 Sou. 622; and that "an estoppel by matter of record is such as arises from or is founded upon the adjudication of a competent court." "Confessions or admissions made in pleadings in a court of record, decrees and other final determinations work estoppels." Gray v. Gray, 91 Fla. 103, 107 Sou. 261.

The decree shows that in a settlement, between Urquhart and Perkins as Liquidator of Merchants Bank & Trust Company, Perkins agreed to pay Urquhart in accordance with the terms of the final decree; that that agreement was approved on April 24th, 1930, by Ernest Amos as Comptroller and was thereafter approved by a court of competent jurisdiction and thereafter Urquhart relied upon the terms of that agreement. Both parties accepted benefits under the agreement. It, therefore, follows that Perkins' successor is estopped to relitigate the issues involved in that settlement and is bound to comply with the terms thereof in so far as he is able to do so and must settle the claim, the character and extent of which was fixed by that agreement upon the same basis that other creditors of the same class have received pay. This is all that the final decree has required.

No reversible error is made to appear.

The decree should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., concurs specially.

BROWN, J. (concurring).—Were it not for the prior agreement of the predecessor liquidator, the Chancellor would not have been justified in allowing interest on the preferred

claim, there being no showing that the $15,000.00 was invested in interest bearing property at the time the bank was placed in the hands of the liquidator for winding up. See Everglades Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192; Bryan v. Duncan, 106 Fla. 357, 143 So. 353. Nor should a preferred claim ordinarily be ordered paid out of the assets of an insolvent bank without consideration being given to the effect of such order on the claims or equities of other claimants of the same class. But this claim was founded upon an express written agreement with the preceding liquidator which agreed to pay interest and which had been approved by the Comptroller and ordered to be carried out by an order of court. And the present order of court allows 75 per cent. of the principal, which was the amount which had been paid to other claimants of the same class, thus showing that their rights had been considered.