PEARSON, Judge.
The appellant, Floyd Osburn, was a passenger in an automobile operated by Catherine Dean. The Dean automobile was involved in a collision, at an unmarked intersection, with a vehicle owned and operated by Claire Thomas Stickel (defendant, appellee). The appellant (passenger) sued the appellee as the operator of the automobile which struck the one in which appellant was riding. The appellee defended upon the theory that the collision was solely caused by the negligence of Catherine Dean, the driver of the automobile in which the appellant was riding. The appellee (defendant) received a jury verdict', and this appeal is from the final judgment based thereon. Appellant has presented three points. The first point contends that the trial court erred by failing to direct a verdict for the plaintiff, appellant. The second point claims error in the admission into evidence of two sections of the Code of Metropolitan Dade County. We find no error in either of these rulings.
*91 Appellant’s third point urges error in a ruling of the trial court which permitted the testimony of a witness, Delton T. Dollar, taken at a former trial, to be read into ■evidence over objection. Mr. Dollar was an •expert witness for the defendant at the trial of a cause between Catherine Dean, as plaintiff, and Claire Thomas Stickel, as defendant. That cause, between the driver of the car in which the plaintiff was riding and the owner of the other automobile, was completed prior to the beginning of the trial in the instant case. It was known to the defendant at the beginning of the trial that Mr. Dollar might not be available after the first day of trial. Defendant was given permission to call this witness out of order if she desired. She chose not to do so, and Mr. Dollar was not available during the day on which the defendant was presenting his evidence. Over the objection of the plaintiff, the defendant was permitted to read into evidence the testimony Mr. Dollar had given at the Dean trial.
The appellee was the party defendant at the Dean trial, but the appellant was not a party in that action. We do not consider the fact that the two plaintiffs (Dean and Osburn) were represened by the same attorney of record to be relevant to a determination of the propriety of using the testimony from the former trial.
The appellee contends that Mr. Dollar’s former testimony was admissible in evidence because it “was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has.” See S Wigmore, Evidence § 1388, p. 95 (3rd ed.), and Annot., 142 A.L.R. 673, 696. We do not consider this contention to be a proper basis for a decision because our •determination of the admissibility of this particular evidence is circumscribed by § 92.22, Fla.Stat., F.S.A.
Section 92.22, Fla.Stat.,[1] F.S.A., sets forth the conditions under which evidence given.at a former trial may be used in a later trial. It is as follows:
“92.22 Use of former bills of exceptions as evidence; use of evidence given on former trial. — In the event it be made to appear to the satisfaction of the court that any evidence used at a trial of a civil case, whether oral or written, and incorporated in a bill of exceptions, or incorporated in the record proper can not be had, then the bill of exceptions taken at the trial, or the evidence incorporated in the record of the trial, may be used as evidence upon any subsequent trial or hearing of the case, or in any other civil cause or civil proceeding, as to any matter in issue at a previous trial or hearing; and, further, in the event that such evidence is not so preserved as before stated, then the same may be used at a subsequent trial or hearing, or in any other civil cause or civil proceeding involving substantially the same issue; if (1) such evidence has at such former trial been reported stenographically or reduced to writing in the presence of the court; (2) that the party against whom the evidence is offered, or his privy, was a party on the former trial; (3) that the issue is substantially the same in both cases; (4) that a substantial reason is shown why the original witness or document is not produced; and, (5) that the court is satisfied that the report of such evidence taken at such former trial is a correct report.”
The threshold question is whether or not “the party against whom the evidence is offered, or his privy, was a party on the former trial.” Since it is clear that the passenger, appellant, was not a party to the former trial, our inquiry is limited to a determination of whether or not the driver of the vehicle, in which appellant was a passenger, was a privy of the appellant.
One party may be said to be a privy of another whenever there is a mutual or *92 successive relationship to the same right.[2] Applying this test to the present instance, appellant’s right t'o recover, if any, was not dependent upon the right of recovery of the plaintiff in the prior trial. In the prior trial, the plaintiff-driver was barred from recovery by any negligence' of her own which proximately contributed to her own injury. See Kokotoff v. Higman, Fla.App. 1958, 101 So.2d 166. In the present trial, the determinative issue is whether the defendant was guilty of any negligence proximately contributing to the injury of the plaintiff. See Kokotoff v. Higman, supra.
In Smith v. Schwartz, 35 Cal.App.2d 659, 96 P.2d 816 (1939), the court placed great emphasis upon this difference in issues; that is, at one trial contributory negligence was an issue, while in the other trial it was not an issue. In the Smith case, three daughters sued the defendant for the wrongful death of their father. One daughter had been a passenger in a car, driven by her father, which had collided with defendant’s vehicle. Prior to the trial, the daughter had sued the defendant and recovered a judgment for the personal injuries she had received in the accident. The appellate court held that the trial court erred in admitting testimony of a witness in the former trial because there was a lack of “identity of parties.” However, the court held that the error was not a reversible error because the former testimony was purely cumulative.
 The reasoning in the Smith case is persuasive authority for the proposition that there is no privity between a passenger and his driver. We have found no decision by a Florida court to .the contrary and, by analogy, the Court’s decision in Youngblood v. Taylor, Fla.1956, 89 So.2d 503, seems to support the conclusion that there was no-privity in the instant case. In Youngblood, the Court held that a plaintiff-father, in an action for the loss of his minor child’s services, was not a privy to a prior action against the same defendant, wherein the father had represented the minor child as a “next friend”. We therefore conclude that the driver was not a privy of the plaintiff.
Appellee urges that even if error was committed in the admission of the testimony from the former trial, no reversible error is presented because the evidence was harmless in that it was simply cumulative. We are unable to agree that the error was harmless. Mr. Dollar was the defendant’s expert'. His entire presentation was paid for by the defendant to present the defendant’s evidence in the best possible light. To argue that his conclusion as to speed differed factually by only a few miles an hour from that presented by the plaintiff’s expert is not persuasive and fails to take into consideration the actualities of the case. Mr. Dollar’s testimony, which was not subject to cross examination in this cause, was the basis for the defendant’s, appellee’s, argument before the jury. We, therefore, hold that prejudicial error has been shown. The cause is reversed for a new trial.
Reversed and remanded.
CARROLL, J., dissents.

. For a discussion and analysis of the development of the statute see 10 Univ.Fla.L.Rev. 269, 281 et seq.

. Cf. Smith v. Urquhart, 129 Fla. 742, 176 So. 787 (1937). See also Sodak Distributing Co. v. Wayne, 77 S.D. 496, 93 N.W.2d 791, 795, where, in discussing res judicata, the court stated:
“Privity does not arise from the mere fact that persons as litigants are interested in the same question or in proving or disproving the same state of facts. Privity within the meaning of the doe-trine of res judicata is privity as it exists in relation to the subject matter of the litigation, and the rule is construed strictly to mean parties claiming under the same title. It denotes mutual or successive relationship to the same right or property.”
See generally Annot. 142 A.L.R. 673; 31A C.J.S. Evidence §§ 387, 388.