349 So.2d 1217 (1977)
The HOTEL & RESTAURANT EMPLOYEES & BARTENDERS INTERNATIONAL UNION, an Unincorporated Association, Appellant,
v.
LAKE BUENA VISTA COMMUNITIES, INC., a Florida Corporation, Appellee.
No. 77-500.
District Court of Appeal of Florida, Fourth District.
September 20, 1977.
*1218 John D. McElheny and Robert D. Gatton of Johnson, Motsinger, Trismen & Sharp, Winter Park, for appellant.
Becky A. Powhatan of Akerman, Senterfitt & Eidson, Orlando, for appellee.
ALDERMAN, Chief Judge.
The defendant, The Hotel & Restaurant Employees & Bartenders International Union, seeks dismissal of the plaintiff's complaint based upon an alleged insufficiency of process. We find no reversible error and affirm.
The plaintiff, Lake Buena Vista Communities, Inc., filed suit in Orange County, Florida, to nullify a mortgage held by the defendant on real property owned by the plaintiff in that county. The original summons was issued by the Clerk of the Circuit Court on December 21, 1976, and the plaintiff attempted to serve the defendant at its main office in Hamilton County, Ohio. On January 7, 1977, the plaintiff, in writing, advised the Clerk that it had been unable to find anyone in Ohio upon whom process could be served, but had learned that the president of the defendant union was in Miami. The plaintiff requested and the Clerk issued an alias summons; later that same day the alias summons was served upon the union's president in Miami. At the time the alias summons was issued, the original summons had not been returned to the Clerk's office; it was, however, subsequently filed on January 17, 1977, with a return indicating that the defendant could not be located in Hamilton County, Ohio. On January 18, 1977, a "Notice of Appearance" was filed by the attorneys representing the defendant; subsequently, on January 27, 1977, the defendant filed its motion to dismiss.
The defendant's only point on appeal is that the Clerk has no authority to issue an alias summons until the original is returned "not executed or returned improperly executed." It relies upon that portion of the Fla.R.Civ.P. 1.070(b) which provides:
"When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance shall be entitled to such additional process against the unserved party as is required to effect service."
The defendant contends, since at the time the alias summons was issued the original summons had not been returned "not executed or returned improperly executed", that the alias summons was improperly issued and therefore insufficient. We reject this contention and hold that the alias summons, even if improvidently issued, was not void and, under the circumstances of this case, was sufficient.
Trawick's Florida Practice and Procedure, Section 8.3 (1975), correctly points out that when the original summons is not returned, an alias summons can be authorized by the court. The proper procedure is to file a motion to obtain such authorization, alleging the need for alias summons and the reason the original summons has not been returned. This procedure was not followed in the present case, but the error was harmless because the trial court would have been justified in approving the issuance of an alias summons if a proper motion had been made prior to the return of the original summons. Although the plaintiff should have obtained the court's authorization in advance, we find no abuse of discretion on the part of the trial court in approving the issuance of the alias summons, after the fact.
Additionally, it appears that the "Notice of Appearance" filed by defendant's attorneys in this case was a general appearance which subjects the defendant to the jurisdiction of the court and precludes a later challenge as to the sufficiency of process. *1219 A defendant may not make a general appearance and later repudiate it by attacking the court's jurisdiction over him. Royal Industries, Inc. v. Birdsong, 340 So.2d 526 (Fla. 1st DCA 1976).
AFFIRMED and REMANDED.
DAUKSCH and LETTS, JJ., concur.