[No. 3051–2.   Division Two.   June 13, 1979.]

EVELYN D. VAUGHN, *Appellant,* v. JOHN M. VAUGHN, *Defendant,* WASHINGTON INSURANCE GUARANTY ASSOCIATION, *Respondent.*

528

*Frederick B. Hayes,* for appellant.

*Mark G. Honeywell,* for respondent.

REED, A.C.J.—Plaintiff Evelyn D. Vaughn appeals from a judgment in favor of defendant Washington Insurance Guaranty Association (Association). We affirm.

In October of 1974, plaintiff obtained a judgment of $30,000 against her husband, John M. Vaughn, for damages arising out of an automobile accident.[1] At that time the Vaughns carried automobile liability insurance with Medallion Insurance Company (Medallion). The limits of the liability policy were $15,000. In addition, the Vaughns maintained uninsured motorist coverage with Medallion ($15,000/30,000 limits).

Plaintiff was paid $15,000 on the liability policy in June of 1975. By September, Medallion had declared itself to be insolvent. In January of 1977, plaintiff obtained an ex parte

---

[1]The Vaughns' marriage has been dissolved since the entry of the personal injury judgment. John Vaughn is not a party to this appeal.

order substituting the Association as the (garnishee) defendant in place of Medallion in her suit to establish that Medallion was liable for the entire $30,000 judgment because it had acted in bad faith in handling the tort action.

On June 30, the Association moved for judgment on the pleadings.[2] The trial court held that a claim for "bad faith" damages was not compensable under the Washington Insurance Guaranty Association Act (RCW 48.32) and granted the motion. Plaintiff immediately initiated this appeal. Subsequent to filing the notice of appeal, plaintiff became aware of an alternate theory that she believed might support a judgment in her favor. She filed a motion in this court seeking to have the case remanded so that a motion for reconsideration could be heard by the trial judge. The commissioner properly determined that a remand was unnecessary because the superior court has authority under RAP 7.2(e) to hear "post–judgment motions authorized by the civil rules."

A motion for reconsideration was then filed in Pierce County Superior Court. The motion was denied after the trial judge determined that the "discovery" of a new theory after entry of judgment does not qualify a party for relief under CR 59 (new trial and amendment of judgments). Another notice of appeal seeking review of that order was filed with the clerk of this court.

 We will first address plaintiff's argument that a claim for "bad faith" damages is within the scope of the Insurance Guaranty Association Act. Plaintiff urges that the Association, by statute, is required to "step into the shoes" of the insolvent insurance carrier and to assume responsibility for all debts owed to the company's insured

---

[2]Although the Washington Insurance Guaranty Association labeled its motion "Motion for Judgment on Pleadings," it asked the trial court to review the "files and records" of the case along with the formal pleadings. The motion therefore was "automatically" converted into a request for summary judgment. CR 12(b), (c); CR 56.

or to claimants under the insured's policy.[3] This statement
is too broad. Under the act, the Association is liable only
for "covered claims." A covered claim is an "unpaid claim,
. . . *which arises out of and is within the coverage* of an
insurance policy to which [the act] applies." (Italics ours.)
RCW 48.32.030(4). As the courts of this state have uni-
formly held that an action by an insured against his carrier
for bad faith in handling a claim or suit sounds in tort
rather than contract, *Hamilton v. State Farm Ins. Co.*, 83
Wn.2d 787, 523 P.2d 193 (1974); *Murray v. Mossman*, 56
Wn.2d 909, 355 P.2d 985 (1960), we must conclude that a
claim for such damages is not a "covered claim" within the
meaning of RCW 48.32.030(4). Our holding in this regard is
consistent with that of the Florida District Court of
Appeals in *Rivera v. Southern Am. Fire Ins. Co.*, 361 So. 2d
193 (Fla. Dist. Ct. App. 1978). In interpreting language
identical to that found in the Washington Insurance Asso-
ciation Guaranty Act, the *Rivera* court denied a claim for
"bad faith" damages in excess of the applicable policy lim-
its on the ground that the Florida Guaranty Act did not
make the Florida Guaranty Association vicariously liable
for its members' torts.

Finally, an examination of RCW 48.32.060(1)(a) further
convinces us that as a matter of law the Association could
not be responsible for the amount of the judgment that is
in excess of Medallion's policy limits. That statute states in
part: "In no event shall the association be obligated to a
policyholder or claimant in an amount in excess of the face
amount of the policy from which the claim arises." No

---

[3]Although this issue apparently was the subject of an informal stipulation and
was not the basis for the trial court's decision, we have some doubts concerning
plaintiff's standing to bring an action to establish Medallion Insurance Company's
bad faith as to John Vaughn. In Washington, a judgment–creditor may not com-
plain of the negligence or bad faith of the insurance company toward its insured
in the absence of an assignment of that claim or an express provision in the
insurance policy permitting such action. *Murray v. Mossman*, 56 Wn.2d 909, 355
P.2d 985 (1960). *See also Harvey v. Cleman*, 65 Wn.2d 853, 400 P.2d 87 (1965).

acceptable rationale for avoiding the mandate of this statute has been advanced by plaintiff and we can find no reason to do so.

As her second argument, plaintiff urges that the trial court erred in refusing to reconsider its judgment in light of her new theory. She argues that because her damages exceeded the limits of the Medallion liability policy she should have been permitted to make a claim against her own uninsured motorist policy and hence against the Association. *See, e.g., Porter v. Empire Fire & Marine Ins. Co.,* 106 Ariz. 274, 475 P.2d 258, *modified on other grounds,* 106 Ariz. 345, 476 P.2d 155 (1970); *Palisbo v. Hawaiian Ins. & Guar. Co.,* 57 Haw. 10, 547 P.2d 1350 (1976). We find that the trial court's ruling was proper for two reasons: (1) the post–trial discovery of a new theory of recovery is not sufficient reason to either grant a new trial or reconsider a previously entered judgment pursuant under CR 59; and (2) the merits of plaintiff's claim have been resolved against her position in the recent case of *Strunk v. State Farm. Mut. Auto. Ins. Co.,* 90 Wn.2d 210, 580 P.2d 622 (1978). As stated by the court in *Strunk,* at page 212, there is

> [n]o question but that the motor vehicle operator was insured in an amount insufficient to compensate these plaintiffs for their damages, but also there is no question but that the driver was insured in the amounts required by statute. The tort–feasor was *underinsured* in her ability to respond to all of the horrendous damage caused, but she was not *uninsured.*

(Italics ours.)

Judgment affirmed.

PETRIE and SOULE, JJ., concur.

Reconsideration denied July 6, 1979.

Review denied by Supreme Court September 7, 1979.