383 So.2d 942 (1980)
Richard MARTINO, Appellant,
v.
FLORIDA INSURANCE GUARANTY ASSOCIATION, Appellee.
No. 79-1400.
District Court of Appeal of Florida, Third District.
May 13, 1980.
Rehearing Denied June 10, 1980.
*943 Gus Efthimiou, Jr., Miami, for appellant.
Preddy, Kutner & Hardy and Stephen T. Brown, Miami, for appellee.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
HENDRY, Judge.
In May of 1975 a final judgment based upon a default was entered in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County in favor of Richard Martino, appellant, against Southern American Fire Insurance Company; the said insurer had become insolvent, and in February of 1976 the Circuit Court of the Second Judicial Circuit in and for Leon County entered an order of insolvency and directed that the Florida Department of Insurance[1] act as the receiver to liquidate the company's business. Thereafter the appellee served its notice of appearance in our local circuit court accompanied by a motion to vacate the default final judgment in behalf of itself and the insolvent insurer.[2] The motion to vacate the default final judgment and the later motion for rehearing were denied, and appellee did not file an appeal. The appellee had consistently failed and refused to pay appellant.
In November of 1977 the appellant filed a complaint for damages against the appellee, alleging that the Florida Department of Insurance had personally appeared in the previous suit and under Sections 631.50, et seq., Florida Statutes, (1975), it was obligated to pay the judgment. Appellee then *944 filed a motion to dismiss stating that it had been involved in the earlier action, where it sought to have the final judgment against the insolvent insurer set aside and was denied the relief; that Martino should have sought execution in the previous lawsuit against the Florida Insurance Guaranty Association, rather than filing a separate lawsuit; and that appellee was not responsible for judgments rendered against an insolvent insurer based upon defaults. The trial court granted the appellee's motion with leave to amend; an amended complaint and a second amended complaint were subsequently filed, appellant answered the latter. Ultimately, the trial court granted the appellee's motion for a directed verdict and entered a "general order" to that effect. We find that the order was erroneous, and reverse the holding of the trial court.
The final judgment against the insolvent insurer, which was still outstanding during the pendency of this separate suit in the lower tribunal, is binding upon the appellee herein. We remand the cause to the trial court. The Supreme Court of Florida discussed the reason for the creation of the association in O'Malley v. Florida Insurance Guaranty Association, 257 So.2d 9 (Fla. 1971) at 11 and 12:
"The Guaranty Association ... is a public or quasi-public corporation. It is a legislatively declared `mechanism' to aid and benefit numerous citizens many of whom comply with state requirements in obtaining casualty and other insurance coverage for themselves and have suffered loss of the insurance protection they obtained because of the insolvency of their insurors."
* * * * * *
"It is to be remembered that the dominant purpose of Ch. 70-20 is to avoid delay and to settle as soon as possible claims of insolvent insurers which are ripe for payment."
Clearly, the claim in the instant case is more than "ripe for payment." Notwithstanding the fact that the Florida Insurance Guaranty Association, Inc. was not a named party in the prior suit, it is bound by the former judgment as it participated in that proceeding after Southern American Fire Insurance Company had been declared an "insolvent insurer." See Kline v. Heyman, 309 So.2d 242 (Fla. 2d DCA 1975), cert. denied, 317 So.2d 767 (Fla. 1975), cert. denied, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975). Furthermore a judgment by default is as conclusive on rights of parties as a judgment on the merits. Perez v. Rodriguez, 349 So.2d 826 (Fla. 3d DCA 1977); Sottile v. Gaines Construction Company, 281 So.2d 558 (Fla. 3d DCA 1973); Baum v. Pines Realty, Inc., 164 So.2d 517 (Fla. 2d DCA 1964); and generally 47 Am.Jur.2d, Judgments §§ 1152 et seq.
The relevant provision of Section 631.57 states unequivocally that:
"(1) The association shall:
"(a) Be obligated to the extent of the covered claims existing:
"1. Prior to the adjudication of insolvency and arising within thirty days after the determination of insolvency;"
* * * * * *
"(b) [The association shall] [b]e deemed the insurer to the extent of its obligation on the covered claims, and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent."
Accordingly, we reverse and remand the cause to the trial court. Appellee, the Florida Insurance Guaranty Association, Inc., as the party having the same rights, duties and obligations as had the now-insolvent insurer, is bound by the judgment against the insolvent insurer due to the obvious "mutual" or "successive" relationship formally created by our Legislature. See Hann v. Carson, 462 F. Supp. 854 (M.D.Fla. 1978); Osburn v. Stickel, 187 So.2d 89 (Fla. 3d DCA 1966); Allstate Insurance Company v. Warren, 125 So.2d 886 (Fla. 3d DCA 1961).
Reversed and remanded.
NOTES
[1] The Florida Insurance Guaranty Association is a non-profit corporation created by statute  § 631.55, Fla. Stat. (1975). Pursuant to § 631.57, Fla. Stat., it is deemed to be the insurer to the extent of the insolvent insurance company's obligation on the covered claim and to such extent that the guarantee association has all the rights, duties and obligations of the insolvent insurer.
[2] By filing the notice of appearance in the prior action without process of service upon it, appellee waived the necessity for service of process. Hotel & Restaurant Employees & Bartenders International Union v. Lake Buena Vista Communities, Inc., 349 So.2d 1217 (Fla. 4th DCA 1977) and Royal Industries, Inc. v. Birdsong, 340 So.2d 526 (Fla. 1st DCA 1976).