Larry THORNOCK, Plaintiff,

v.

PACK RIVER MANAGEMENT CO., Pack River Investment Co., and Washington Insurance Guaranty Association, Defendants.

No. CV 88–6–M–CCL.

United States District Court,
D. Montana,
Missoula Division.

Aug. 15, 1990.

Michael J. McKeon, Anaconda, Mont., for plaintiff.

Richard Ranney, Missoula, Mont., for defendants.

## OPINION AND ORDER

LOVELL, District Judge.

Before the court are parties' cross motions for summary judgment. Plaintiff, Larry Thornock, filed this complaint for breach of a statutory obligation owed by Defendant, Washington Insurance Guaranty Association (WIGA). Plaintiff asks this court to order WIGA to honor the terms of a settlement made between Plaintiff and Mission Insurance Company (Mission), in the amount of $35,000; and to require WIGA to pay interest on that sum from the date the settlement was entered, November 10, 1986, to present. Defendant, WIGA, asks this court to declare that WIGA is not liable for the settlement because Plaintiff's claim is not a "covered claim" as defined by the Washington Insurance Guaranty As-

sociation Act. Wash.Rev.Code § 48.32.-060(1)(a) and (b).

Summary judgment is properly granted under rule 56(c) if "the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *California Architectural Building Products, Inc. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698 & 699, 98 L.Ed.2d 650 (1988). The parties agree that there are no material issues of fact in dispute in this matter.

### FACTS

Plaintiff originally brought a negligence action, in the Montana Twentieth Judicial District, against Pack River Management Company and Pack River Investment Company (Pack River), entities existing in the state of Washington and insured by Mission. A California court had previously declared Mission insolvent. Mission filed the California order in the Montana state proceedings. That order notified the parties that the California Insurance Commissioner, as Mission's Conservator, had the authority to defer payment of claims against Mission.

The Twentieth Judicial District Court granted summary judgment on the liability issue to Pack River on June 16, 1986. Plaintiff appealed the summary judgment ruling to the Montana Supreme Court, and filed his opening brief on September 12, 1986. While the appeal was pending, Plaintiff's attorney entered into settlement negotiations with the attorney retained by Mission to represent Pack River. Mission gave its attorney the authority to settle for up to $37,500. On November 10, 1986, the attorneys for Plaintiff and Pack River orally agreed that Plaintiff would dismiss his appeal and execute a release of his claims in return for $35,000 to be paid by Mission. Plaintiff executed the release of claims, in accordance with the agreement. Plaintiff continued with his appeal, however, when he learned that the California Insurance

Commissioner had ordered the deferral of payment on all claims against Mission and that Mission was unable to perform its part of the settlement agreement.

According to Washington law, Mission became an "insolvent insurer" on February 24, 1987, when the California court ordered Mission's liquidation.[1] WIGA's authority to act as Mission's guarantor commenced on that date.

### LIABILITY ISSUE

Plaintiff contends that "WIGA stepped into the shoes of Mission Insurance company and assumed Mission's obligation to pay the amount for which the case had been settled." (Plaintiff's brief in support of summary judgment.) Plaintiff relies on Wash.Rev.Code § 48.32.060, which states:

(1) The association shall:

. . . . .

(b) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent.

Plaintiff argues that the arm's-length settlement agreement reached with Mission's representative is an obligation on Plaintiff's original claim against Pack River. The parties agree that the underlying negligence claim was a "covered claim" since it arose out of and was covered by Pack River's insurance policy, and that Pack River was a resident of Washington at the time of the "insured event." Wash.Rev. Code § 48.32.030(4).

WIGA contends that Plaintiff's claim against it is a completely separate claim for breach of contract. Since breach of contract is not a covered claim under the statute, WIGA argues that it is not liable for the settlement agreement. WIGA relies on a case in which the Washington Court of Appeals held that WIGA is not liable for "bad faith" claims against an insolvent insurer. *Vaughn v. Vaughn,* 23 Wash.App. 527, 597 P.2d 932, 934 (1979). Plaintiff,

---

1. Wash.Rev.Code § 48.32.030(5)(b) defines insolvent insurer as an insurer "determined to be insolvent and ordered liquidated by a court of competent jurisdiction, ..."

however, is not bringing a separate tort claim for bad faith.

Plaintiff's settlement agreement with Mission's representative was a contract giving rise to an obligation on the original claim. *See* Mont.Code Ann. § 27–1–105 (1989). WIGA's reluctance to pay a settlement when it did not have the opportunity to take part in the settlement negotiations is understandable because WIGA has the duty to investigate and adjust claims made against it. *See* Wash.Rev.Code § 48.32.-060(1)(d). Plaintiff's claim, however, is not a covered claim brought directly against WIGA. The obligation was settled prior to WIGA's involvement with Mission.

 Guarantors are required to pay obligations on covered claims which arise prior to the insurer becoming or being declared insolvent, even when the guarantor has no opportunity to defend against those claims. *See Martino v. Florida Insurance Guaranty Association*, 383 So.2d 942 (Fla. Dist.Ct.App.1980) (finding that FIGA was bound by default judgment against insolvent insurer). While the Washington legislature has specifically provided WIGA with a method to escape liability for default judgments entered prior to WIGA gaining the right to defend itself,[2] the legislature has provided no similar escape from settlement agreements.

The Washington Legislature has also provided WIGA with the means to become a party to a suit against an insolvent insurer already in progress.[3] Failure to comply with the 180 day stay may result in the setting aside of a judgment. *Prutzman v. Armstrong*, 90 Wash.2d 118, 579 P.2d 359 (1978). The purpose of that statute may be to prevent WIGA from becoming merely a "passive source of funds", *Id.* at 121, 579 P.2d at 361, as WIGA claims; however, the 180 day stay provision was not applicable

to Plaintiff's claim until February 24, 1987, because Mission did not become an insolvent insurer as defined by Washington law until the California court ordered its liquidation on that date.

The Washington Court of Appeals recently interpreted the statutes which created WIGA. *Washington Insurance Guaranty Association v. McKinstry Co.*, 56 Wash.App. 545, 784 P.2d 190, *review denied*, 114 Wash.2d 1017, 791 P.2d 535 (1990). According to the Washington Court of Appeals, the liberal construction of Wash.Rev.Code § 48.32.060(1)(b) required to serve the stated purpose of the Act "contemplates that WIGA will step into the shoes of the insolvent insurer." *Id.* at 549, 784 P.2d at 192.

WIGA next questions whether Plaintiff's settlement agreement with Mission was enforceable. WIGA argues that the court order appointing the California Insurance Commissioner conservator of Mission put Plaintiff on notice that the Commissioner's approval was required to pay claims. WIGA argues that the Commissioner's decision not to defer payment was an implied condition of the contract; thus his decision to defer excused both WIGA and Mission from performance. WIGA provides no authority for this argument. Moreover, Mission's attorney testified that he had unconditional settling authority.

WIGA admits that Plaintiff and Mission entered into a valid oral agreement, which was confirmed in writing, which concerned Plaintiff's original claim against Mission. WIGA also admits that the original claim was a covered claim. Application of the liberal construction guidelines provided by the Washington Court of Appeals to the instant case indicates that the negotiated settlement agreement made between Plaintiff and Mission prior to WIGA's involve-

---

**2.** Wash.Rev.Code 48.32.160 provides:

... Any judgment under any decision, verdict, or finding based on default of the insolvent insurer or on its failure to defend an insured which is unsatisfied at the date the insolvency is determined shall be set aside on the motion of the association and the association shall be permitted to defend such claim on the merits.

**3.** Wash.Rev.Code § 48.32.160. also provides:

All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for one hundred eighty days and such additional time thereafter as may be fixed by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action....

ment constitutes an obligation on the covered claim, which WIGA has a statutory duty to pay.

### INTEREST ISSUE

Plaintiff claims that this action is to recover damages for an injury as defined in Mont.Code Ann. § 27–1–106 (1989), and that he is therefore entitled to interest under Mont.Code Ann. § 27–1–210 (1989). Although WIGA did not respond to that claim, it is clear that this is an action arising out of an obligation, rather than an injury. Mont.Code Ann. § 27–1–105 (1989). Since this is an action for breach of an obligation not arising from contract, the award of interest is discretionary. Mont. Code Ann. § 27–1–212 (1989). Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment seeking a finding that Plaintiff does not have a covered claim is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED as to the issue of interest, and GRANTED as to the liability issue. Judgment shall enter for Plaintiff.

The clerk is directed forthwith to notify counsel of entry of this order.