590 So.2d 736 (1991)
John D. WILLIAMS, Plaintiff-Appellee,
v.
CHAMPION INSURANCE COMPANY (Louisiana Insurance Guaranty Association), Defendant-Appellant.
No. 90-554.
Court of Appeal of Louisiana, Third Circuit.
November 13, 1991.
Brittain, Williams, McGlathery, Passman & Sylvester, Craig O. Marcotte, Natchitoches and Mathews, Atkinson, Guglielmo, Marks & Day, Carey Guglielmo and Scott Love, Baton Rouge, for defendant-appellant.
Kelly & Salim, William L. Townsend, III, Natchitoches, for plaintiff-appellee.
Before FORET, LABORDE and KING, JJ.
KING, Judge.
Defendant appeals contending that the trial court erred in finding the Louisiana Insurance Guaranty Association vicariously liable for statutory penalties and attorney's fees, assessed against the insolvent insurer, under La.R.S. 22:658. Also, at issue is defendant's contention that it should not be found liable for its own arbitrary and capricious actions in not paying the claim timely after demand was made on it.

*737 FACTS
John D. Williams (hereinafter plaintiff) was involved in an automobile accident on October 20, 1989, in which he ran into the back of another vehicle. Shortly thereafter, plaintiff filed a collision loss claim with his insurer, Champion Insurance Company (hereinafter Champion). Champion directed plaintiff to have Auto Damage Appraisers of Alexandria inspect and prepare an estimate of damage. By November 25, 1988, Champion had received sufficient proof of loss from plaintiff for payment of his claim. A formal demand was made on Champion on December 14, 1988 for payment of the claim. Plaintiff filed suit against Champion on March 6, 1989, after no action was taken by Champion. On or about May 10, 1989, Champion issued a draft to plaintiff and Dixion Body Shop to pay for the loss. Plaintiff had not authorized Champion to place the name of Dixion Body Shop on the draft and returned it and requested Champion to reissue the draft.
On June 5, 1989, Champion was found to be insolvent and went into receivership. The Louisiana Insurance Guaranty Association (hereinafter LIGA) took over the claims of Champion. Plaintiff amended his petition to add LIGA as party defendant due to Champion's insolvency.
By letter dated August 16, 1989, LIGA requested plaintiff's counsel to provide any and all information concerning the claim. On September 12, 1989, counsel for LIGA was provided due proof of loss and demand was made. No payment was made by LIGA.
This matter proceeded to trial on February 7, 1990. The trial court ruled in favor of plaintiff and against LIGA awarding plaintiff $1,000.00, less appropriate deductibles, together with legal interest thereon from the date of judicial demand until paid.
The trial court also awarded penalties and attorney's fees as provided by La.R.S. 22:658 in the amount of $1,500.00. Shortly after trial, LIGA paid plaintiff the amount of the judgment for the collision loss. Therefore, the only issue remaining on appeal is whether LIGA is liable for penalties and attorney's fees. We reverse.

LAW
On appeal, LIGA contends the trial court erred in its ruling assessing it with penalties and attorney's fees under La.R.S. 22:658. The trial court stated in its reasons for judgment that LIGA's liability is vicarious and comes from their taking over Champion, therefore, it should be assessed penalties and attorney's fees.
LIGA is a statutory body created by La.R.S. 22:1375, et seq. Its purpose is set forth in La.R.S. 22:1376, which states that:
"The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers." (Emphasis supplied.)
As a statutorily created entity, LIGA is liable for only those obligations provided by the Louisiana Insurance Guaranty Statute.
La.R.S. 22:1382 A provides in pertinent part that:
"A. The association shall:
(1)(a) Be obliged to the extent of the covered claims existing prior to the determination of the insurer's insolvency...
* * * * * *
(2) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent." (Emphasis supplied.)
La.R.S. 22:1379(3)(a) provides:
"`Covered claims' means an unpaid claim, including one for unearned premiums by or against the insured or agent, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer, if *738 such insurer becomes an insolvent insurer after September 1, 1970, and:"
Also relevant is La.R.S. 22:1382 A(1), which provides in pertinent part that:
"A. The association shall:
(1)(a) Be obliged to the extent of the covered claims existing prior to the determination of the insurer's insolvency, or arising after such determination ... but such obligation shall include only that amount of each covered claim, except return premiums, which is in excess of one hundred dollars and is less than one hundred fifty thousand dollars, per claim, ..." (Emphasis supplied.)
Under La.R.S. 22:1379(3)(d), statutory penalties and attorney's fees owed by an insolvent insurer are excluded from the definition of "covered claims." This statute reads as follows:
"(d) `Covered claim' shall not include any claim based on or arising from a preinsolvency obligation of an insolvent insurer, including but not limited to contractual attorneys' fees and expenses, statutory penalties and attorney's fees, court costs, interest and bond premiums, or any other expenses incurred prior to the determination of insolvency."
Under this statutory provision it is clear that LIGA is liable only for "covered claims" as defined by the statute. La.R.S. 22:1379(3)(a) defines a covered claim as an "unpaid claim ... which arises out of and is within the coverage ... of an insurance policy to which this Part applies ..." Penalties and attorney's fees are specifically excluded and are therefore not a "covered claim." This statutory language clearly contemplates only obligations arising from the contractual relationship between the parties to the policy.
In Breaux v. Klein, 572 So.2d 656 (La. App. 5 Cir.1990), writ den., 573 So.2d 1140 (La.1991), the issue of whether LIGA was responsible for statutory penalties and attorney's fees assessed against Champion under La.R.S. 22:658 was addressed by the Fifth Circuit. The Court adhered to the reasoning noted in Cantrelle Fence and Supply Co., Inc. v. Allstate Ins. Co., 515 So.2d 1074 (La.1987), in which the Louisiana Supreme Court held that an obligation arising out of the penalty statute, La.R.S. 22:658, is a separate and distinct claim from the insurer's contractual obligation under the insurance policy. Thus, the Court held that the cause of action for penalties and attorney's fees fell outside the "covered claims" contemplated by R.S. 22:1382(1)(a) and LIGA was not responsible for the statutory penalties and attorney's fees imposed on Champion. This Court has also rendered the same decision. See Gauthier v. Champion Insurance Co., 583 So.2d 556 (La.App. 3 Cir.1991).
The Court in Breaux, supra, gave additional reasons why LIGA should not be liable:
"We fear that to expose LIGA to the possible thousands of claims for arbitrary and capricious non-payment by insolvent insurers, particularly in the wake of Champion's demise, could potentially threaten the very existence of the insurance guaranty fund which has as its avowed statutory purpose the avoidance of excessive delay in payment and the avoidance of financial loss to claimants or policyholders. We note further that under the 1990 amendment to R.S. 22:1379 ... statutory penalties and attorney fees are specifically excluded from a covered claim." (Footnote omitted.) Breaux v. Klein, 572 So.2d 656, at page 659 (La.App. 5 Cir.1990).
Courts in other states have reached the same conclusion. For instance, in Vaughn v. Vaughn, 23 Wash.App. 527, 597 P.2d 932 (Wash.App.), review den., 92 Wash.2d 1023 (1979), the court held:
"We will first address plaintiff's argument that a claim for `bad faith' damages is within the scope of the Insurance Guaranty Association Act. Plaintiff urges that the Association, by statute, is required to `step into the shoes' of the insolvent insurance carrier and to assume responsibility for all debts owed to the company's insured or to claimants under the insured's policy. This statement is too broad. Under the Act, the Association is liable for only `covered claims.' A covered claim is an `unpaid *739 claim, ... which arises out of and is within the coverage of an insurance policy to which [the Act] applies.' RCW 48.32.030(4). As the courts of this state have uniformly held that an action by an insured against his carrier for bad faith in handling a claim or suit sounds in tort rather than contract, (Citations omitted), we must conclude that a claim for such damages is not a `covered claim' within the meaning of RCW 48.32.030(4). (Emphasis added.)"
See also, Rivera v. Southern Am. Fire Ins. Co., 361 So.2d 193 (Fla.App.1978), cert den., 368 So.2d 1372 (Fla.1979), and Interstate Fire and Cas. v. Cal. Ins. Guarantee, 125 Cal.App.3d 904, 178 Cal.Rptr. 673 (Cal.App. 2 Dist.1981).
For these reasons, we find that under the Louisiana Insurance Guaranty Statute LIGA is not vicariously liable for penalties and attorney's fees owed by an insolvent insurer.
Plaintiff next argues that even if LIGA does not owe penalties and attorney's fees for the arbitrary and capricious actions of Champion, LIGA should be assessed penalties and attorney's fees under La.R.S. 22:658 for its own arbitrary and capricious actions in not paying the claim timely after demand was made on LIGA. We agree that the trial court did not rule on this contention as it stated in its ruling that "we're not dealing with the arbitrary and capricious failure to pay on behalf of LIGA." Nevertheless, even if the trial court had found that LIGA was arbitrary and capricious in failing to timely pay the claim after demand was made on LIGA, penalties and attorney's fees could not be assessed under the provisions of La.R.S. 22:658.
La.R.S. 22:658, in effect at the time of the accident,[1] read, in part, as follows:
"A.(1) All insurers issuing any type of contract ...
* * * * * *
B.(1) Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty ..." (Emphasis supplied.)
The statute clearly states that insurers shall be subject to penalties. LIGA is not an insurer. LIGA is an association. It is a statutory body created by La.R.S. 22:1375, et seq. Its purpose is set forth in La.R.S. 22:1376 which reads:
"The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers."
Association is defined under La.R.S. 22:1379(1) as: "(1) `Association' means the Insurance Guaranty Association created under R.S. 22:1380."
La.R.S. 22:1380 states:
"There is created a nonprofit unincorporated legal entity to be known as the Insurance Guaranty Association, whose domicile for purpose of suit shall be East Baton Rouge Parish, Louisiana. All insurers defined as member insurers in R.S. 22:1379 shall be and remain members of the association as a condition of their authority to transact insurance in this state. The association shall perform its functions under a plan of operation established and approved under R.S. 22:1383 and shall exercise its powers *740 through a board of directors established under R.S. 22:1381."
Also, under La.R.S. 22:1391, LIGA has immunity for any action taken by it regarding its powers and duties. La.R.S. 22:1391 reads:
"There shall be no liability on the part of and no cause of action of any nature shall arise against any member insurer, the association or its agents or employees, the board of directors, or the commissioner or his representatives for any action taken by them in the performance of their powers and duties under this Part."
For these reasons, we conclude that plaintiff's argument that LIGA should be liable for penalties and attorney's fees for its own arbitrary and capricious failure to pay a claim is without merit.
For the foregoing reasons, the judgment of the trial court is reversed as to its holding Louisiana Insurance Guaranty Association liable for penalties and attorney's fees. All costs of this appeal are assessed to plaintiff-appellee.
REVERSED.
NOTES
[1] This was the statute that was in effect at the time of the accident on October 20, 1989. The present statute, which does not affect our decision herein, now reads as follows:

"B.(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658(A)(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty ..."