608 So.2d 670 (1992)
Patricia VEILLON, et ux., Plaintiff-Appellant,
v.
LOUISIANA INSURANCE GUARANTY ASSOCIATION, Defendant-Appellee.
No. 91-880.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
Guglielmo, Lopez, Tuttle, Hunter & Jarrell, Gina B. Tuttle, Opelousas, for defendant/appellant.
Clyde Fontenot, Ville Platte, for plaintiff/appellee.
Before GUIDRY, J., and CULPEPPER * and SALOOM[*], JJ. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a suit on an assignment of a cause of action against an insurer for bad faith failure to settle for the policy limits. Suit was originally filed by plaintiffs against the tortfeasor and his insurer, Champion Insurance. After the collapse of Champion, Louisiana Insurance Guaranty Association, hereinafter LIGA, was substituted as defendant. At trial on the merits, the lower court awarded plaintiffs $24,097.66, which exceeded the $10,000.00 policy limits. Thus, the tortfeasor was liable for the excess judgment. The plaintiffs then entered an assignment with the tortfeasor, whereby the plaintiffs agreed not to enforce their judgment against him personally, in return for which the tortfeasor assigned to plaintiffs all his claims against LIGA for failure to settle for the policy limits. The lower court dismissed plaintiffs' *671 suit on an exception of no cause of action. The plaintiffs appeal.

FACTS
The facts, as alleged in plaintiffs' petition, are as follows. On June 3, 1988 a car driven by plaintiff, Patricia Veillon, was rear ended by a vehicle driven by Mary Ardoin, whose car had been rear ended by original defendant, Tony Gallow. Mrs. Veillon and her husband, Randy Veillon, sued Tony Gallow and his insurer, Champion Insurance Company. The limit of the insurance policy was $10,000.00. Prior to trial the Veillons informed Champion they would settle for the full amount of the policy. Champion would not settle. Champion collapsed in June of 1989 and LIGA was then made party defendant. Once again, prior to trial, the Veillons attempted to settle for the policy limits, but LIGA also refused to settle. Mrs. Veillon had $3,270.83 in medical bills at the time plaintiffs offered to settle. Both Champion and LIGA breached in bad faith their duty to Tony Gallow, as their insured, to settle for the policy limits.
At trial on May 7, 1990, the lower court awarded $18,764.66 to Mrs. Veillon and $5,333.00 to Mr. Veillon, for a total of $24,097.66. This judgment, dated July 20, 1990, exceeded the $10,000.00 policy limits. Tony Gallow was held liable for the entire amount, while LIGA was held in judgment only for the amount for which it could be held accountable under the law, which was $9,900.00 ($10,000.00 less $100.00, the statutory deductible) and $333.00, plus legal interest, respectively. LIGA paid the portion of the judgment for which it was liable, plus interest, which totaled $12,443.17. A partial satisfaction of judgment was entered into the record.
On January 21, 1991 the Veillons entered into a written agreement with Tony Gallow entitled an "Assignment." This assignment constituted settlement whereby the Veillons agreed not to seek enforcement of the judgment against Tony Gallow, in return for which Tony Gallow assigned to the Veillons any rights he had against LIGA for bad faith refusal to settle for the policy limits.
Thereafter, the Veillons sued LIGA under the assignment. The lower court sustained LIGA's exception of no cause of action. The Veillons appeal.
The Veillons assert several specifications of error, only one of which we will discuss, since it is decisive. They first contend the trial court erred in applying LSA-R.S. 22:1379(3)(d) as amended by Act 105 of 1990, because the cause of action herein sued on arose before that statute became effective on September 7, 1990. The accident was on June 3, 1988, the trial on May 7, 1990, and the judgment against Tony Gallow for the excess was signed on July 20, 1990, all of which preceded September 7, 1990. We agree the trial judge erred in applying the 1990 statute. Nevertheless, we find that even under the previous applicable statute, plaintiffs have no cause of action against LIGA.
The trial court quoted the following language of LSA-R.S. 22:1379(3)(d) in his reasons for judgment:
"covered claim shall not include any claim based on or arising from a pre-insolvency obligation of any insolvent insurer, including but not limited to contractual attorney's fees, and expenses, statutory penalties and attorney's fees, court cost, interest and bond premiums, or any other expenses incurred prior to the determination of insolvency."
The language of LSA-R.S. 22:1379(3) that was in effect at the time of the original accident, the trial and the lower court judgment was:
(3) "Covered claim means an unpaid claim, including one for unearned premiums by or against the insured or agent, which arises out of and is within the coverage and not in excess of the applicable limits of any insurance policy to which this Part applies issued by an insurer, if such insurer becomes an insolvent insurer after September 1,1970, and (a) the claimant or insured is a resident of this state at the time of the insured event; or (b) the property from which the claim arises is permanently located in *672 this state. Covered claim shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise." (See Act 172 of 1987 Regular Session)
We find our decision in Gauthier v. Champion Ins. Co., 583 So.2d 556 (La.App. 3 Cir.1991) is controlling in the present case. That case also involved the statute as it read before the 1990 amendment. A judgment was rendered on June 7, 1989 against Champion Ins. Co. for damages plus penalties and attorney fees. On June 8, 1989, LIGA was added as a party defendant, and later the same judgment was rendered against it. On appeal, we held penalties and attorneys fees were not included within "covered claims" as defined by LSA-R.S. 22:1379(3)(a). We rejected plaintiff's argument that LIGA "stands in the shoes of Champion" for all purposes under LSA-R.S. 22:1382 A. We then quoted from Breaux v. Klein, 572 So.2d 656 (La.App. 5 Cir.1990), writ denied, 573 So.2d 1140 (La.1991) in which the court reached the same conclusion. Finally, we quoted with approval from a Washington case which involved a claim for bad faith handling of a claim under a similar statute, as follows:
Courts in other states have reached the same conclusion. For instance, in Vaughn v. Vaughn, 23 Wash.App. 527, 597 P.2d 932, review den., 92 Wash.2d 1023 (1979), the court held:
"We will first address plaintiff's argument that a claim for `bad faith' damages is within the scope of the Insurance Guaranty Association Act. Plaintiff urges that the Association, by statute, is required to `step into the shoes' of the insolvent insurance carrier and to assume responsibility for all debts owed to the company's insured or to claimants under the insured's policy. This statement is too broad. Under the Act, the Association is liable for only `covered claims.' A covered claim is an `unpaid claim, ... which arises out of and is within the coverage of an insurance policy to which [the Act] applies.' RCW 48.32.030(4). As the courts of this state have uniformly held that an action by an insured against his carrier for bad faith in handling a claim or suit sounds in tort rather than contract, (Citations omitted), we must conclude that a claim for such damages is not a `covered claim' within the meaning of RCW 48.32.030(4). (Emphasis added.)" Id. 597 P.2d at 934.
See also Rivera v. Southern Am. Fire Ins. Co., 361 So.2d 193 (Fla.App.1978), cert. den., 368 So.2d 1372 (Fla.1979), and Interstate Fire and Cas. v. Cal. Ins. Guarantee, 125 Cal.App.3d 904, 178 Cal. Rptr. 673 (2 Dist.1981).
As to plaintiff's argument that LIGA is liable for its own independent negligence, or breach of fiduciary duty under the policy to settle within the policy limits, it is clear that under LSA-R.S. 22:1391, LIGA is immune from such liability:
§ 1391. Immunity
There shall be no liability on the part of and no cause of action of any nature shall arise against any member insurer, the association or its agents or employees, the board of directors, or the commissioner or his representatives for any action taken by them in the performance of their powers and duties under this Part.
Added by Acts 1970, No. 81, § 1.

DECREE
For the reasons assigned, the judgment appealed is affirmed. All costs of appeal are assessed to plaintiffs/appellants.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired and Judge Kaliste J. Saloom, Jr. participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.