**52 So.2d 297**

**COHEN v. GRACE et al.**

No. 39754.

March 19, 1951.

Rehearing Denied April 23, 1951.

John T. Charbonnet and E. B. Charbonnet, Jr., New Orleans, for plaintiff-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., John L. Madden, Asst. Atty. Gen., George J.

Haylon, Frank Wm. Hart, Marion G. Seeber and Delvaille H. Theard, all of New Orleans, for defendants-appellees.

PONDER, Justice.

The plaintiff has appealed from a judgment rejecting his demand for the annulment of an adjudication of property to him by the State under the provisions of Act No. 237 of 1924 L.S.A.-R.S. 47:2189, 47:2190 and his alternative demand for an order directing the payment of paving charges bearing against the property out of the proceeds of the sale.

The property involved in this suit was adjudicated to the State on November 18, 1933 for the unpaid taxes of 1932. Mrs. Leontine Hiller, widow of Benjamin Hesdorffer, was the record owner of the property at the time the adjudication was made. The property was assessed in the name of "Mrs. Benj. Hesdorffer", and an "unknown owner" and was adjudicated as such to the State. Title to the property remained in the State until it was adjudicated to the plaintiff on March 1, 1947, under the provisions of Act No. 237 of 1924, for the price of $5,800. The sheriff retained $274.68 from the purchase price to cover costs and his commission and remitted the balance of $5,525.32 to the State Treasurer in conformity with the provisions of Act. No. 237 of 1924.

Mrs. Leontine Hiller, widow of Benjamin Hesdorffer, died sometime in 1937 leaving Hiller Hesdorffer as her sole and only heir. Hiller Hesdorffer quit claimed all of his rights, title and interests in the property to Warren Realty Company, Inc. on January 15, 1947. The Warren Realty Company, Inc. quit claimed all of its interest in the property to Warren A. Doll on February 28, 1947.

The plaintiff brought suit in the Parish of East Baton Rouge against the Register of State Land Office, the Civil Sheriff for the Parish of Orleans, the State Auditor, the State Treasurer, Hiller Hesdorffer and Warren A. Doll, seeking to set aside the adjudication of the property to him or in the alternative for judgment directing the payment of paving liens purporting to exist against the property out of the proceeds of the sale. Various exceptions were interposed and disposed of. The suit was tried after answer had been made and the lower court rejected the plaintiff's demands. He has appealed.

The plaintiff contends that the adjudication to him is void and should be set aside because the State never acquired valid title to the property and therefore could not sell it to him. He bases his contention on the ground that adequate notice was not given the tax debtor before the property was adjudicated to the State for unpaid taxes. He further states that the State's title was not cured by the peremption provided for in Art. 10, Section 11 of the Constitution because the tax debtor or her tenant remained in possession of the property. Under the provisions of

Act No. 237 of 1924 a suit against the State for the annulment of tax sales must be brought in the district court against the tax collector in the parish where the property is located. The trial court would not have jurisdiction to entertain a suit of that nature. Hiller Hesdorffer and Warren A. Doll were made defendants in this suit, appeared therein and disclaimed any interest in the property. There is no one in this suit asserting any claim of ownership or title to the property adversely to the plaintiff. In so far as the parties to this suit are concerned, no one is contesting the plaintiff's title and therefore there is no dispute for our determination. As to persons not parties to the suit, any decision we might render would not be binding. Under the circumstances any opinion we might render would be purely advisory.

The plaintiff contends that the State cannot warrant a defective title. No one is asserting any claim against the property in these proceedings, therefore there is no necessity for us to pass on whether the State warrants the title to property adjudicated under the provisions of Act No. 237 of 1924.

The plaintiff contends that the State cannot require the plaintiff to accept title to property encumbered with paving liens. It appears from the record that a number of paving liens against the property are recorded in the Mortgage Records of Orleans Parish, totaling an amount of over $4,000. The holder or owners of the purported liens have not been made parties to this suit and have not, so far as we know, asserted any claim under them or taken the position that they are valid or can be enforced after the title to the property had vested in the State and been adjudicated to a third person. Any opinion that we might express would not be binding on persons not party to the suit and no one is asserting claims under these liens in this suit.

The plaintiff contends that the adjudication to him was void because the sheriff failed to produce and read the mortgage certificate showing the encumbrances against the property at the time of the adjudication. The plaintiff does not contend that the provisions of Act No. 237 of 1924 were not complied with. He is under the impression that other provisions of the law respecting judicial sales are applicable. The Legislature has provided the method for the sale by the State of tax adjudicated property. Act No. 237 of 1924, as amended. The later amendment to this act, Act No. 365 of 1948, was adopted after this suit was instituted and therefore it is not applicable. From an examination of the record, we find that Act No. 237 of 1924, as it existed when this suit was filed, was complied with. The sale was made under a valid statute. But be that as it may, in so far as this suit is concerned, the State, as well as the owner of any interest that the tax debtor might have had in the property, have appeared herein and not only

disclaimed any title to the property but assert the validity of the plaintiff's title. No one in this suit is contesting the plaintiff's title or asserting any claims against the property.

The plaintiff contends in the alternative that the court should order the payment of the paving charges purporting to exist against the property. The simple answer to this contention is that the purported owners of these liens are not parties to this suit and have asserted no claim under them.

After a careful review of the record, the pleadings and the contentions advanced, it is apparent that any opinion we might express would be purely advisory.

For the reasons assigned, the judgment is affirmed at appellant's cost.