572 So.2d 656 (1990)
Cynthia Breaux, Wife of/and Jerry J. BREAUX
v.
Robert KLEIN, XYZ Insurance Company, Patrick G. Gabrayel, and ABC Insurance Company.
No. 90-CA-458.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
Writ Denied January 31, 1991.
*657 Henry Leon Sarpy, John A. Kopfinger, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant-appellant Louisiana Ins. Guar. Ass'n.
Robert A. Caplan, Lewis & Caplan, New Orleans, for plaintiffs-appellees Cynthia Breaux, wife of/and Jerry J. Breaux.
W. Monroe Stephenson, New Orleans, for defendant Robert Klein.
Before KLIEBERT, BOWES and DUFRESNE, JJ.
KLIEBERT, Judge.
The plaintiffs originally filed a suit for damages arising out of an automobile accident against the alleged tortfeasors. Subsequently, upon belief that "one or more of the defendants in this matter is either uninsured or underinsured," plaintiffs amended their petition to name as an additional defendant their uninsured motorist carrier, Champion Insurance Company. Notwithstanding a policy coverage defense, on May 17, 1989, after trial, judgment was rendered in favor of plaintiffs, casting Champion, under its uninsured motorist policy provision, for $10,000.00 plus interest and costs. Additionally, under a finding Champion had been arbitrary and capricious in denying plaintiffs' claims, the court, pursuant to the provisions of LSA-R.S. 22:658 B.(1), assessed a penalty of 10% and attorney fees of $2,000.00 against Champion.
On June 5, 1989 Champion was declared insolvent and all actions involving Champion were stayed by the bankruptcy court from June 5, 1989 through October 3, 1989. Thereafter, on or about December 29, 1989, plaintiffs filed a supplemental and amending petition naming Louisiana Insurance Guaranty Association (LIGA) as party defendant after the fact. When settlement negotiations[1] were unfruitful, plaintiffs moved for summary judgment contending that LIGA was obligated to pay the full amount for which Champion was cast by the May 17, 1989 judgment. The trial court rendered judgment on April 5, 1990 in favor of plaintiffs, casting LIGA for the same amount Champion was cast in the May 17, 1989 judgment, which included the statutory penalties and attorney fees imposed under LSA-R.S. 22:658 B.(1).
LIGA appealed, raising two issues: (1) whether the May 17, 1989 judgment against Champion can be enforced against LIGA in the manner effected here, and (2) under any condition is LIGA responsible for the statutory penalties and attorney fees assessed against Champion under LSA-R.S. 22:658. For the reasons hereinafter stated we hold Champion acquiesced in and hence is bound by the procedure followed, but is not liable for the statutory penalties and attorney fees.
With respect to the first issue, LIGA, citing Cohen v. Grace, 219 La. 91, 52 So.2d 297 (1951), contends the trial judge erred in granting the motion for summary judgment because LIGA was not a party to the suit when the judgment against Champion was rendered. However, we note that LIGA became a party to the suit by a supplemental and amending petition on December 29, 1989, which it answered. Thus, it had an opportunity to defend and respond and, by answering, acquiesced in the procedure. Moreover, since it paid all but the statutory penalties and attorney fees, it is apparent the intended substantive issue on the appeal is LIGA's responsibility for the statutory penalty and *658 attorney fees assessed against Champion; therefore, we focus our attention on that issue.
After notification of loss and awareness of insolvency, R.S. 22:1384(1), LIGA's obligation to individual insureds is enunciated under R.S. 22:1382(1)(a), (b), which defines the duties of LIGA in part as follows:
"(1) The association shall:
"(a) Be obliged to the extent of the covered claims existing prior to the determination of the insurer's insolvency, or arising after such determination but prior to the first to occur of the following events:
(i) expiration of thirty days after the date of such determination of insolvency,
(ii) expiration of the policy, or
(iii) replacement or cancellation of the policy at the instance of the insured if he does so within thirty days of the determination, but such obligation shall include only that amount of each covered claim, except return premiums, which is in excess of one hundred dollars and is less than one hundred fifty thousand dollars, per claim, subject to a maximum limit of three hundred thousand dollars per accident or occurrence, nor shall a claim for the portion of unearned premiums in excess of ten thousand dollars be allowed.... In no event shall the association be obligated to a policyholder or claimant in an amount in excess of the obligation of the insolvent insurer under the policy from which the claim arises...."
"(b) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent."
Thus, the only statutorily limiting language relating to payment of covered claims is the $100.00 deductible, the obligation of the insurer, a $150,000.00 maximum per claim, and a $300,000.00 maximum per occurrence, all as provided for by the above quoted provisions.
"Covered claims" refers to claims covered by the policy of an insolvent insurer. R.S. 22:1379(3).[2] The right of an insured to recompense for a covered insurance claim arises under the Insurance Guaranty Fund, established by Act 1970, No. 81, which enacted LSA-R.S. 22:1375-1394. These statutes are to be liberally construed to affect the stated purpose. R.S. 22:1378.
LIGA contends the claim for penalties and attorney fees which it was ordered to pay is not a "covered claim" within the language of the R.S. 22:1382(1)(a). Instead, it contends the claim is a separate and distinct cause of action created by separate legislation in the Insurance Code, namely, R.S. 22:658. For jurisprudential support LIGA cites Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Company, 515 So.2d 1074 (La.1987). There, the Louisiana Supreme Court noted the suit involved an obligation arising out of the penalty statute, R.S. 22:658, and held such a claim to be separate and distinct from the insurer's contractual obligation under the insurance policy.
Plaintiff, on the other hand, contends that LIGA is liable for pre-insolvency and post-insolvency penalties and attorneys' fees when the insolvent insurer and/or LIGA acted arbitrarily, capriciously, or without probable cause. "Covered claims," according to plaintiff, encompass the insurance claim as well as attendant penalties and attorneys' fees imposed on Champion.
*659 Plaintiffs argue that LIGA is responsible for the statutory limit of the judgment, including interest, costs, penalties, and attorneys' fees exceeding the policy limit. It cites Aramburo v. Travelers Insurance Co., 438 So.2d 274 (4th Cir.1983), writ denied, 443 So.2d 1110 (La.1983) in support of its position. There, the Fourth Circuit held that even though the statutory limit applied only to the original amount of the claim (exclusive of interest and costs) LIGA still owed the interest and costs under its additional "obligation" imposed by R.S. 22:1382(1)(b).
As we view it, under the rationale of the Cantrelle case, supra, the obligation arising out of the penalty statute is separate and distinct from the obligation arising out of the insurer's contractual obligation. Thus, the present cause of action for penalties and attorneys' fees imposed on Champion falls outside of the "covered claims" contemplated by R.S. 22:1382(1)(a). Hence, LIGA is not responsible for the statutory penalties and attorney fees imposed on Champion. To hold otherwise would be contrary to the very purpose underlying the statutes which is "to provide a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay in payment, and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer...." R.S. 22:1376.
We fear that to expose LIGA to the possible thousands of claims for arbitrary and capricious non-payment by insolvent insurers, particularly in the wake of Champion's demise, could potentially threaten the very existence of the insurance guaranty fund which has as its avowed statutory purpose the avoidance of excessive delay in payment and the avoidance of financial loss to claimants or policyholders. We note further that under the 1990 amendment to R.S. 22:1379[3] statutory penalties and attorney fees are specifically excluded from a covered claim.
We do not pass on the issue of whether LIGA was responsible for statutory penalties and attorneys' fees for its own actions, for there is no evidence of such a contention contained in the record.
Accordingly, we hold LIGA is only responsible for covered claims arising under the insured's insurance policy and "covered claims" does not include statutory penalties and attorneys' fees imposed under R.S. 22:658.
Therefore, we amend the judgment to remove that portion of the April 5, 1990 judgment ordering LIGA to pay the 10% statutory penalties and $2,000.00 attorneys' fees imposed against Champion under the provisions of R.S. 22:658 and affirm the judgment in all other respects.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] At some time (it is not clear when) LIGA paid plaintiffs the sum of $10,927.43, computed as $9,900.00 plus interest.
[2] LSA-R.S. 22:1379(3), prior to June 29, 1990, provided as follows:

(3) "Covered claim" means an unpaid claim, including one for unearned premiums, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer, if such insurer becomes an insolvent insurer after September 1, 1970 and (a) the claimant or insured is a resident of this state at the time of the insured event; or (b) the property from which the claim arises is permanently located in this state. "Covered claim" shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise.
[3] On June 29, 1990, the Louisiana Legislature approved an amendment to R.S. 22:1379 which reads in part as follows:

(c) "Covered claim" shall not include any claim based on or arising from a pre-insolvency obligation of an insolvent insurer, including but not limited to contractual attorneys' fees and expenses, statutory penalties and attorneys' fees, court costs, interest and bond premiums, or any other expenses incurred prior to the determination of insolvency.