LINDSAY, Judge.
Plaintiff, Jessie Allen Moore, appeals the judgment of the trial court in favor of defendant, Louisiana Insurance Guaranty Association (LIGA), rejecting his demand for statutory penalties and attorney fees due to the failure of his insolvent insurer to timely pay claims prior to its insolvency. For the reasons assigned below, we affirm the judgment of the trial court.
Plaintiff is the owner of a 1988 Chevrolet automobile which was insured under a policy of comprehensive and collision insurance issued by New England International Surety of America, Inc., (hereinafter referred to as New England). On or about March 8, 1989, plaintiff was involved in an automobile accident with a parked vehicle wherein his automobile was substantially damaged. Plaintiff notified New England of the accident and the damages to his vehicle. Plaintiff was contacted by an adjuster with New England who estimated the damages to the vehicle and informed the plaintiff that he would receive a check to cover the necessary repairs. Plaintiff never received any amount of compensation for his claim and, as a result, was forced to have the vehicle repaired at his own expense.
After the repairs were completed, plaintiff’s vehicle was again damaged in a hail storm on or about May 4, 1989. Plaintiff properly notified New England of the second claim for damages. He did not receive any compensation for this claim.
The record demonstrates that plaintiff’s insurer, New England, was placed in rehabilitation in April of 1989. New England was subsequently declared insolvent on September 22, 1989.
In January of 1990, plaintiff instituted two separate lawsuits against LIGA to recover for the damages to his vehicle. (Ultimately the two lawsuits were consolidated for trial.) Plaintiff also asserted that New England had failed to timely pay his claim and that New England’s actions were arbitrary, capricious, unreasonable and without probable cause. He therefore contended that he was entitled to recover statutory penalties and reasonable attorney fees under LSA-R.S. 22:658. Plaintiff noted that *1221 since New England had been declared insolvent by the Commissioner of Insurance, all unpaid New England claims had become the responsibility and/or liability of defendant, LIGA, pursuant to LSA-R.S. 22:1382, et seq.
In response, defendant filed a general denial, alleging that in the event it was found liable for damages to plaintiff’s vehicle, it should not be held liable for statutory penalties or attorney fees.
The record shows that LIGA timely paid plaintiff’s claims by the issuance of two checks representing one-third of the total settlement of property damage in each incident. The remainder of the total settlement for each claim was to be paid when LIGA received the approval of additional funding by the legislature on or about July 1, 1990. The parties stipulated, however, that in both cases plaintiff had submitted sufficient proof of loss to New England more than 60 days prior to its insolvency in September, 1989, and that New England did not pay plaintiff’s claims within 60 days of its receipt of sufficient information to support the claims. It was New England’s failure to make timely payment which resulted in plaintiff’s present claims for penalties and attorney fees.
The case was submitted to the trial court on the stipulations. The sole issue was whether plaintiff was entitled to recover statutory penalties and attorney fees from LIGA due to his insurer’s failure to timely pay his claims prior to its insolvency. In an excellent written opinion, the trial court denied plaintiff’s claim for penalties and attorney fees. However, the trial court awarded legal interest on both claims from the date of judicial demand, until paid, and cast defendant with all costs of the proceedings.
Plaintiff appealed. Plaintiff contends that the trial court erred in finding that LIGA was not liable for the statutory penalties and attorney fees under the circumstances of this case.
The purpose of the Insurance Guaranty Association Law, LSA-R.S. 22:1375, et seq., is “to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers.” LSA-R.S. 22:1376. The provisions of the Insurance Guaranty Association Law are to be liberally construed to give effect to this purpose. LSA-R.S. 22:1378.
The obligations of the Insurance Guaranty Association are set forth in LSA-R.S. 22:1382. That statute provides, in relevant part:
(1) The association shall:
(a) Be obligated to the extent of the covered claims existing prior to the determination of the insurer’s insolvency, or arising after such determination ... but such obligation shall include only that amount of each covered claim, except return premiums, which is in excess of one hundred dollars and is less than one hundred fifty thousand dollars, per claim....
******
(b) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent.[1]
A “covered claim” is defined in R.S. 22:1379(3) as an unpaid claim of an insolvent insurer where either the claimant or insured is a resident of Louisiana at the time of the insured event, or the property connected to the claim is permanently located in this state.[2]
*1222 In Aramburo v. Travelers Insurance Company, 438 So.2d 274 (La.App. 4th Cir.1983), writ denied 443 So.2d 1110 (La.1983), it was held that legal interest and court costs were not part of the “covered claim” under R.S. 22:1382(l)(a), but were, nevertheless, part of LIGA’s obligation under R.S. 22:1382(1)(b). See also Robichaux v. Randolph, 555 So.2d 581 (La.App. 1st Cir.1989), affirmed on other grounds 563 So.2d 226 (La.1990); Pounders v. Champion Insurance Company, 572 So.2d 365 (La.App. 1st Cir.1990), writ denied 576 So.2d 32 (La.1991); and Morgan v. Allstate Insurance Company, 577 So.2d 225 (La.App. 1st Cir.1991).
Plaintiff argues that penalties and attorney fees under R.S. 22:658 should be considered “covered claims” to the same extent as claims for legal interest and court costs. He contends that to hold otherwise would be inequitable because it would cause a claimant who was forced to resort to legal representation to bear part of the loss caused by the insurer’s insolvency. Furthermore, it would be contrary to the mandate in R.S. 22:1378 that the Insurance Guaranty Association Law be liberally construed.
Since the rendition of the trial court’s decision, two Louisiana appellate courts have addressed the exact issue presented in this case. The courts in both Breaux v. Klein, 572 So.2d 656 (La.App. 5th Cir.1990), writ denied 573 So.2d 1140 (La.1991), and Gauthier v. Champion Insurance Company, 583 So.2d 556 (La.App. 3rd Cir.1991), reached the same conclusion as the trial court here. These courts held that LIGA was only responsible for “covered claims” under R.S. 22:1382(1)(a), and that claims for penalties and attorney fees were not “covered claims” within the language of the statutes. In so holding, the courts utilized an analysis which was similar to that used by the trial court in the present case. The courts applied the rationale of Cantrelle Fence & Supply Co., Inc. v. Allstate Insurance Company, 515 So.2d 1074 (La.1987), which established that an obligation arising out of the penalty statute, R.S. 22:658, is separate and distinct from the obligation arising out of the contractual relationship under the insurance policy. The court in Breaux stated:
As we view it, under the rationale of the Cantrelle case, supra, the obligation arising out of the penalty statute is separate and distinct from the obligation arising out of the insurer’s contractual obligation. Thus, the present cause of action for penalties and attorneys’ fees imposed on Champion falls outside of the “covered claims” contemplated by R.S. 22:1382(l)(a). Hence, LIGA is not responsible for the statutory penalties and attorney fees imposed on Champion. To hold otherwise would be contrary to the very purpose underlying the statutes which is “to provide a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay in payment, and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer....” R.S. 22:1376.
We fear that to expose LIGA to the possible thousands of claims for arbitrary and capricious non-payment by insolvent insurers, particularly in the wake of Champion’s demise, could potentially threaten the very existence of the insurance guaranty fund which has as its avowed statutory purpose the avoidance of excess delay in payment and the avoidance of financial loss to claimants or policy holders....
[Emphasis theirs.] 572 So.2d at 659.
We agree with our brethren of the Third and Fifth Circuits and likewise adopt the same rationale in this case. Furthermore, while the provisions of the Insurance Guaranty Association Law are to be construed liberally, the claim for penalties and attorney fees actually arises from R.S. 22:658, which is a penal statute. It is well-settled that such a penal statute must be construed strictly. In view of this mandate for strict construction and the separate nature of the cause of action for statutory penalties and attorney fees, we find that LIGA is not obligated to pay the statutory penalties and attorney fees incurred as a result of the arbitrary and capricious fail *1223 ure of the insolvent insurer to pay the plaintiffs claims before its insolvency.
Plaintiffs assignment of error is without merit.
CONCLUSION
The judgment of the trial court is affirmed. Costs are assessed against the plaintiff.
AFFIRMED.

. In 1990, R.S. 22:1382(l)(a) was redesignated as R.S. 22:1382(A)(l)(a), and R.S. 22:1382(l)(b) was redesignated as R.S. 22:1382(A)(2).

. In 1990, the legislature added Subsection (3)(d) to R.S. 22:1379, which modified the definition of "covered claim,” and excluded therefrom "any claim based on or arising from a pre-insolvency obligation of an insolvent insurer, including ... statutory penalties and attorneys’ fees....”