STEWART, Judge.
In this appeal, two of the three judges of the original appellate panel proposed to reverse the judgment. A dissent by the third judge sent the case to a five-judge appellate panel as required by LSA-Const. Art. 5, § 8B.
Defendant, Louisiana Insurance Guaranty Association (LIGA), appeals an adverse trial court judgment which granted plaintiff, Emma L. Hall, statutory penalties and attorney’s fees together with judicial interest from date of demand. The judgment was based on the trial court’s ruling that LIGA was liable, under LSA-R.S. 22:658, for the arbitrary and capricious failure of Champion Insurance Company (Champion) to pay covered repair claims owed to plaintiff prior to its insolvency. For the reasons assigned, we reverse the judgment of the trial court.
FACTS
The facts are not in dispute. Plaintiff, Emma L. Hall, is the owner of a 1988 Ford Escort which was insured by Champion under a policy of collision and comprehensive insurance. On December 12,1988, plaintiff was involved in an automobile accident in which her vehicle struck the rear of another vehicle. Plaintiff filed a property damage claim under the collision coverage of her policy with Champion. Champion had the car appraised on January 3, 1989 by Shreveport Damage Appraisers and repairs were completed on February 14, 1989 by Bill Hanna Ford Company. Plaintiff’s car was retained by Bill Hanna Ford pending payment for said repairs. On March 8, 1989, plaintiff filed suit against Champion after she was unsuccessful in obtaining the repair costs. Plaintiff sought in her lawsuit to recover the repair costs, in addition to the imposition of penalties and attorney’s fees as provided by LSA-R.S. 22:658. On March 31, 1989, plaintiff’s counsel received a check in the amount of $2,484.69 from Champion for the repairs. Plaintiff paid for the repairs and her car was released. After Champion paid the repair costs, LIGA was appointed receiver upon the declaration of Champion’s insolvency. Plaintiff was allowed to amend her original petition to add LIGA as a party defendant and the case proceeded to trial on the sole issue of LIGA’s liability for penalties and attorney’s fees pursuant to LSA-22:658 for Champion’s untimely payment of repair costs. After a bench trial on August 10, 1990, the trial judge rendered judgment in favor of plaintiff, Emma Hall, and against LIGA for penalties in the amount of $621.17 and attorney’s fees in the amount of $2,500.00 plus judicial interest from date of demand on these amounts.
Defendant, LIGA, appeals the trial court’s judgment, raising two issues: (1) whether the trial court erred by holding LIGA liable to plaintiff for statutory penalties and attorney’s fees pursuant to LSA-R.S. 22:658 based on Champion’s pre-insol-vency arbitrary and capricious failure to timely pay plaintiff’s property damage claim; and (2) whether the $2,500.00 in attorney’s fees assessed by the trial court was excessive if LIGA is held to be liable for statutory penalties and attorney’s fees.
Plaintiff, Emma Hall, answered the appeal requesting additional attorney’s fees for the work necessitated by her attorney as a result of this appeal.
DISCUSSION
This court recently addressed the issue of whether LIGA is subject to statutory penalties and attorney’s fees under LSA-R.S. 22:658 for the pre-insolvency arbitrary and capricious acts of an insurer. In Jesse Allen Moore v. Louisiana Insurance Guaranty Association, 584 So.2d 1220 (La. App.2d Cir.1991), the plaintiff filed two separate lawsuits against LIGA to recover for the damages to his vehicle because his comprehensive and collision insurer, New England International Surety of America, Inc. (New England), failed to timely pay his collision damage claims prior to its insol-
*95 vency. Plaintiff argued that the arbitrary and capricious actions of New England would have entitled him to collect statutory penalties and attorney’s fees from New England, thus, the result should be no different where LIGA merely stands in the shoes of a now insolvent insurer. In Moore, supra, this court examined the purpose and history of LIGA’s enabling legislation, R.S. 22:1375, as well as the cases of Breaux v. Klein, 572 So.2d 656 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1140 (La.1991); and Gauthier v. Champion Insurance Company, 583 So.2d 556 (La.App. 3d Cir.1991). Both Breaux and Gauthier addressed the identical issue presented in Moore and the instant case. This court agreed with the Third and Fifth Circuit Court of Appeals that LIGA is only responsible for “covered claims” under R.S. 22:1382(l)(a), and that claims for penalties and attorney’s fees are not “covered claims” within the meaning of the statute. We relied on the rationale of Cantrelle Fence & Supply Co., Inc. v. Allstate Insurance Company, 515 So.2d 1074 (La.1987), that an obligation arising out of the penalty statute, R.S. 22:658, is separate and distinct from the obligation arising out of the contractual relationship under the insurance policy. While the general provisions of LIGA legislation are to be construed liberally, the claims for penalties and attorney’s fees under R.S. 22:658 must be construed strictly because it is a penal statute. Accordingly, we rejected the plaintiff’s claim in Moore for penalties and attorney’s fees.
Given our conclusion on this issue, the trial court, in the instant case, erred in holding that LIGA is subject to statutorily imposed penalties where the insolvent insurer has failed to meet its obligations. We reverse the judgment of the trial court.
Because we find that LIGA is not liable for penalties and attorney’s fees in this case, defendant’s remaining assignment of error is rendered moot. Plaintiff’s claim for additional attorney’s fees is without merit.
CONCLUSION
For the reasons stated above, we reverse the trial court judgment and render judgment for defendant. Costs of the appeal are assessed to plaintiff.
REVERSED.