WHIPPLE, Judge.
The issue before this court is whether the Louisiana Insurance Guaranty Association (LIGA) is liable to plaintiff for penalties and attorney’s fees as a result of the arbitrary and capricious handling of the claim by Champion Insurance Company. For the following reasons, we reverse that part of the judgment of the trial court holding LIGA liable for statutory penalties and attorney’s fees.
Ben Lerma, Jr. was involved in an automobile accident on March 12, 1989. On March 19, 1989, his wife contacted Champion Insurance Company, their liability and collision carrier, and submitted a proof of claim for their property damage. In early April, a second proof of claim form was submitted by Mr. Lerma. Champion appraised the vehicle and assured the Lermas that a check would be issued.
Mr. Lerma visited the Champion office on four different occasions to obtain the check. On each occasion, Sue Clements, an adjuster for Champion, told plaintiff the payment was approved and that his check would be issued shortly. Demand for payment was also made by certified mail through a demand letter from plaintiff’s counsel to Champion on May 13, 1989.[1]
On June 5, 1989, Champion was declared insolvent. On June 6, 1989, Mr. Lerma filed suit against Champion for property damage of $13,700.00, plus $15.00 per day in storage expenses, and for interest, penalties of ten percent (10%), and attorney’s fees. On July 24, 1989, plaintiff amended his petition to add LIGA as a party defendant.
In response, LIGA filed a general denial. Citing the provisions of LSA-R.S. 22:1379 and LSA-R.S. 22:1382, LIGA specifically denied liability for penalties and attorney’s fees, contending these were not covered claims for which LIGA could be held responsible.
Mr. Lerma filed a Motion for Summary Judgment which was denied and trial on the merits was held the same day by way of stipulations and introduction of documentary evidence. The Court rendered judgment in favor of plaintiff and against LIGA for $13,350.00, with legal interest, penalties in the amount of $1,350.00 and attorney’s fees in the amount of $2,750.00. LIGA was given a credit in the amount of $4,843.00 for amounts previously paid to and received by plaintiff from LIGA. The court specifically found that Champion was arbitrary and capricious in not making payment under its policy.
Subsequently, LIGA paid to plaintiff the total principal sum with interest. LIGA contends on appeal that the trial judge erred in holding LIGA responsible for penalties and attorney’s fees when the liability arose solely as a result of the alleged arbitrary and capricious handling of the claim by Champion prior to the date Champion became insolvent.
Plaintiff contends in brief that LIGA is responsible for the penalties and attorney’s fees awarded as a result of the preinsolven-cy behavior on the part of Champion. Plaintiff now contends on appeal that LIGA continued with the arbitrary and capricious handling of the claim; thus, LIGA should be held cast for the entire judgment as rendered. We disagree.
In response to plaintiff’s argument, we note that in his oral reasons for judgment, the trial court specifically found that Champion was arbitrary and capricious. Based on this finding, penalties and attorney’s fees were awarded. The trial judge *520 did not find that LIGA’s actions in handling plaintiffs claim were arbitrary or capricious. A review of the record reveals no allegations by plaintiff that LIGA’s actions were arbitrary and/or capricious. Additionally, plaintiff presented no evidence at trial to support such a finding. Thus, we proceed to the issue of whether LIGA can be held liable for statutory penalties and attorney’s fees for the pre-insolvency arbitrary and capricious handling of a claim by Champion.
LAW
The obligations of the Louisiana Insurance Guaranty Association are set forth in LSA-R.S. 22:1382(A)(l)(a), which provides in pertinent part:
(A) The association shall:
(l)(a) Be obliged to the extent of the covered claims existing prior to the determination of the insurer's insolvency, or arising after such determination ... but such obligation shall include only that amount of each covered claim except return premiums, which is in excess of one hundred dollars and is less than one hundred fifty thousand dollars, per claim
[[Image here]]
LSA-R.S. 22:1379(3)(a), at all times pertinent hereto, provided the definition of a “covered claim.” That statute provides:
‘Covered claim’ means an unpaid claim, including one for unearned premiums by or against the insured or agent, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer ...[2]
Several Louisiana appellate courts have addressed the issue presented in this case. These courts have all held that LIGA was only responsible for “covered claims” and that claims for penalties and attorney’s fees were not “covered claims” within the language of the statutes. See Hall v. Louisiana Insurance Guaranty Association, 589 So.2d 93 (La.App.2d Cir.1991); Moore v. Louisiana Insurance Guaranty Association, 584 So.2d 1220 (La.App.2d Cir.1991); Gauthier v. Champion Insurance Company, 583 So.2d 556 (La.App. 3rd Cir.1991); Breaux v. Klein, 572 So.2d 656 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1140 (La.1991). The courts applied the rationale of Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Company, 515 So.2d 1074 (La.1987), which established that an obligation arising out of LSA-R.S. 22:658, a penalty statute, is separate and distinct from the obligation arising out of the contractual relationship under the insurance policy.
While the provisions of the Insurance Guaranty Association Law are to be construed liberally, the claim for penalties and attorney's fees arises from LSA-R.S. 22:658, which is a penal statute. It is well settled that a penal statute must be construed strictly. Moore, supra.
The 1990 amendments to LSA-R.S. 22:1379 codified the jurisprudence to specifically exclude statutory penalties and attorney’s fees from the definition of a “covered claim”. We recognize the strong public policy reasons for the amendment and the jurisprudential construction it adopts. As noted in Breaux, supra, at 659, to hold LIGA responsible for the possible thousands of claims for arbitrary and capricious non-payment by insolvent insurers, particularly in the wake of Champion’s demise, could potentially threaten the very existence of the insurance guarantee fund and its statutory purpose. We likewise find the amendment persuasive in interpreting the definition of a “covered claim”.
Therefore, we find that LIGA is not liable for the statutory penalties and attorney’s fees incurred as a result of the prein-solvency arbitrary and capricious behavior of Champion Insurance Company and reverse that part of the trial court’s judgment which imposes liability on LIGA for statutory penalties and attorney’s fees. *521 Costs of this appeal are assessed to plaintiff/appellee, Ben Z. Lerma, Jr.
REVERSED IN PART.

. These facts were stipulated at trial.

. In 1990, the legislature added Subsection (3)(d) to R.S. 22:1379, which modified the definition of "covered claim,” and excluded from the definition "any claim based on or arising from a pre-insolvency obligation of an insolvent insurer, including ... statutory penalties and attorney's fees ..."