SEXTON, Judge.
The plaintiffs, Gene Harris and Willie Jean Harris, appeal a summary judgment rendered in favor of defendant, Louisiana Insurance Guaranty Association (LIGA). That judgment dismissed plaintiffs’ claims against LIGA for amounts owed to plaintiffs by an insolvent insurer in excess of the insurance policy limits, plus penalties and attorney fees. We affirm.
Plaintiffs were involved in a two-vehicle automobile accident with Steve and Eva Lewis. The Lewis vehicle was insured by Louisiana Indemnity Insurance Company (Louisiana Indemnity) with liability limits of $10,000 per person and $20,000 per accident. Plaintiffs were insured by Champion Insurance Company (Champion) with uninsured/underinsured motorist protection of $10,000 per person and $20,000 per accident. Plaintiffs filed suit against the Lew-ises and Louisiana Indemnity. Plaintiffs later added Champion and further sought penalties and attorney fees for Champion’s alleged arbitrary and capricious failure to pay the underinsured claim. LSA-R.S. 22:658.
Following trial, the trial court rendered written reasons for judgment in favor of the plaintiffs against all defendants. Champion was cast in judgment for $126,-912.33, plus a penalty of ten percent ($12,-691.23) and attorney fees of $3,500.00. Champion was also ordered to pay court costs, including expert witness fees of $300.00. The trial court’s reasons for judgment reveal that Mr. Harris’s damages were $1,387.38 and were accordingly completely covered by the Louisiana Indemnity policy. Therefore, Mrs. Harris was the only party underinsured and thus with a claim against Champion. Unfortunately, prior to the rendition of a final, signed judgment, Champion was declared insolvent and a stay order was issued.
Plaintiffs then added LIGA as a defendant and sought to have them cast for the amount owed by Champion pursuant to LSA-R.S. 22:1382. LIGA eventually moved for summary judgment arguing that it could not be held liable for any amount in excess of the insolvent insurer’s policy limits nor could it be liable for penalties or attorney fees. The trial court granted the motion for summary judgment and dismissed plaintiffs’ claims against LIGA. Plaintiffs appeal.
LIGA alleges that it has tendered $9,900.00 to plaintiffs, representing the $10,000.00 policy limits owed to Mrs. Harris under the Champion policy, less the $100.00 statutory deduction, a point not disputed by plaintiffs. Accordingly, the only issue on appeal is whether LIGA can be held liable for any amount in excess of the policy limits, including statutory penalties and attorney fees found to be owed by Champion.
LIGA is obligated to pay an insured to the extent of the covered claims existing prior to the determination of the insurer’s insolvency. LSA-R.S. 22:1382A(l)(a). A covered claim is an unpaid claim not in excess of the policy limits. LSA-R.S. 22:1379(3)(a). This court has specifically held that LIGA is not liable for penalties and attorney fees under LSA-R.S. 22:658 for an insolvent insurer’s arbitrary and capricious failure to pay insurance claims. Hall v. Louisiana Insurance Guaranty Association, 589 So.2d 93 (La.App. 2d Cir.1991); Moore v. Louisiana Insurance Guaranty Association, 584 So.2d 1220 (La.App. 2d Cir.1991).
As LIGA was not liable for any amount in excess of the insurance policy limits nor for the statutory penalties and attorney fees owed by Champion, the trial court properly rendered summary judgment in favor of LIGA dismissing plaintiffs’ claims. That judgment is hereby affirmed at plaintiffs’ cost.
AFFIRMED.
BROWN, J., concurs.