COOKS, Judge.
Louisiana Insurance Guaranty Association (LIGA) appeals an adverse trial court judgment which granted Arthur Zachary, Jr. and Mary Sarah Zachary statutory penalties and attorney’s fees. The trial court held LIGA was liable pursuant to a compromise confect-ed in good faith by Champion Insurance prior to its insolvency. After Champion Insurance Company was declared insolvent, LIGA assumed management and financial responsibility for claims against it. For reasons assigned, we reverse the judgment of the trial court.
FACTS
On or about June 15, 1988, near Ft. Hood, Texas, Ernest Zachary, plaintiffs’ son, was struck and killed by a motor vehicle owned and operated by Terry Nishimuta. At the time of the accident, Nishimuta was an un-derinsured motorist because the policy issued by Farmer’s Group Insurance Company covering his liability did not exceed $20,000.00. This amount was paid by Nishimuta’s insurer to plaintiffs.
*324 Prior to the accident, Champion Insurance Company issued to Arthur Zachary, Jr. and Mary Sarah Zachary a general liability policy insuring them and their son against liability for negligence in the operation of vehicles. The policy also contained a provision providing coverage to each injured passenger in the vehicle for the negligence of uninsured or underinsured motorists in the amount of $10,000 with a total maximum coverage for each occurrence. Plaintiffs filed suit against Champion Insurance Company requesting damages payable under the uninsured/under-insured motorist provision of the Zachary policy, as well as penalties and attorney’s fees for Champion’s alleged arbitrary and capricious handling of the payable under the uninsured/underinsured motorist provision of the Zachary policy, as well as penalties and attorney’s fees for Champion’s alleged arbitrary and capricious handling of the claim. Thereafter, Champion Insurance Company entered a settlement or compromise with the Zacharys; and it agreed to pay the $10,-000.00 limit of the policy along with $750.00 in attorney’s fees. Champion Insurance Company paid $10,000.00; and, thereafter, it was declared insolvent.
As noted, LIGA assumed management and financial responsibility for covered claims against Champion pursuant to the Insurance Guaranty Association statutes, La.R.S. 22:1375, et. seq. LIGA refused to pay the remaining $750.00 of the settlement amount contending it was not bound statutorily to pay penalties or attorney’s fees. The trial judge disagreed.
LIGA’s appeal raises two issues: (1) Whether the trial court erred by holding LIGA liable to plaintiffs for statutory penalties and attorney’s fees based on the settlement agreement; and (2) whether the trial court committed manifest error when it found that a valid compromise was entered between plaintiffs and Champion; and, although LIGA was not a party thereto, nevertheless it was bound by the contract’s terms.
LAW AND ANALYSIS
LIGA is a statutory body created by La. R.S. 22:1375 et. seq. Its purpose is set forth in La.R.S. 22:1376, which states that:
“§ 1376. Purpose
The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies and to allow the association to provide financial assistance to member insurers under rehabilitation or liquidation, and to provide an association to assess the cost of such operations among insurers.” (Emphasis added)
As a statutorily created entity, LIGA is hable only for those obligations provided by the Louisiana Insurance Guaranty provisions.
La.R.S. 22:1382(A) provides in pertinent part that:
“A. The association shall:
(1)(a) Be obliged to the extent of the covered claims existing prior to the determination of the insurer’s insolvency ...
(2) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent; ...” (Emphasis added)
La.R.S. 22:1379(3)(a) provides:
‘“Covered claim’ means an unpaid claim, including one for unearned premiums by or against the insured or agent, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy ...”
Under La.R.S. 22:1879(3)(d), statutory penalties and attorney’s fees owed by an insolvent insurer are excluded from the definition of “covered claims.” This statute reads as follows:
“(d) ‘Covered claim’ shall not include any claim based on or arising from a pre-insolvency obligation of an insolvent insurer, including but not limited to contractual attorney’s fees and expenses, statutory penalties and attorney’s fees,- court costs, interest and bond premiums, or any other expenses incurred prior to the determination of insolvency.”
*325 Under this provision it is clear that LIGA is hable only for “covered claims” as defined by the statute. Penalties and attorney’s fees are specifically excluded.
In Breaux v. Klein, 572 So.2d 656 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1140 (La.1991), the issue of whether LIGA was responsible for penalties and attorney’s fees assessed against Champion under La.R.S. 22:658 was addressed by the Fifth Circuit. The court in Breaux noting additional policy reasons for not holding LIGA responsible for payment of such assessment, stated:
“We fear that to expose LIGA to the possible thousands of claims for arbitrary and capricious non-payment by insolvent insurers, particularly in the wake of Champion’s demise, could potentially threaten the very existence of the insurance guaranty fund which has as its avowed statutory purpose the avoidance of excessive delay in payment and the avoidance of financial loss to claimants or policyholders. We note further that under the 1990 amendment to R.S. 22:1379 statutory penalties and attorney fees are specifically excluded from a covered claim.” (Footnote omitted)
The agreement executed by plaintiffs and Champion specifically designates $750.00 as attorney fees. Whether cloaked in the form of a valid compromise or settlement, the fact remains that LIGA is not responsible legally for the payment of attorney’s fees. Such payments, if made by it, would violate express statutory language to the contrary and conflict with the association’s purpose. For these reasons, we find LIGA is not liable for penalties and attorney’s fees even if an insolvent insurer assumes such obligation to pay pursuant to the terms of an otherwise valid compromise or settlement. Our ruling makes it unnecessary for us to fully review LIGA’s second contention on appeal.
DECREE
Accordingly, the judgment of the trial court is reversed. All costs of this appeal are assessed to the plaintiff-appellee.
REVERSED.